Judge Underwood,
delivered the opinion of the court.
At the May term, 1823, of the Logan circuit court, Polly Tilman, obtained a decree against Gideon Tilman, for fj300, with interest thereon, from the 12th of May, 1820, on account of her interest as one of the children and devisees of Stephen Tilman, deceased, in a tract of land, which the testator directed the executors to sell. Gideon Tilman and Armstead Morehead, were the executors appointed; but the latter never qualified. The decree was obtained against Gideon Tilman upon his default, he having failed to answer the bill.
In March, 1824, Gideon Tilman, filed his bill agains^ Polly Tilman and Richard B. Dallam, to whom said Polly had assigned the benefit of her decree, charging, in substance, that Armstead Morehead had, by an arrangement with Davidson, the original purchaser of the land, become bound to pay the devisees therefor,' and *118 had executed to said Polly, in consideration of her interest in the land, his note for ‡346 66 cents, due on the _ 27th of November, 1814; that he had understood, since said Polly obtained her decree, and verily believed that said Morehead, had paid off to said Polly, the amount of the noté; but neglected to take it in; and that he verily believed, that said Polly, before the decree was rendered,had received nearly all, if not every cent she was entitled to, of her deceased father’s estate.
To authorize a bill of review on the ground of a discovery of new matter, the compl’t must allege discovery of matter not iy°ughtbe" or necessarily in issue, upon the original 01
*118 These allegations, constitute the essence of the said Gideon’s equity. -His bill was concluded with a prayer for an injunction, which was granted, staying the collection of the amount of the decree, &c. Upon the hearing, the court perpetuated the injunction for part, and dissolved as to the residue.
The bill of Gideon Tilman, is one of an anomalous character. If it can be brought within any classification, it falls within that of bills of review. The doctrine, in relation to bills of this character, is stated in the case of Brewer, &c. vs. Bowman, recently decided, and to which we refer.
Gideon Tilman’s bill, in the present case, does not proceed for any alleged error, apparentupon the face of the decree sought to be reviewed; nor does it go upon the ground, that he has discovered evidence of apermanent nature and unerring character; nor does it go upon the ground, that the witnesses, upon whose testimony the decree was obtained, have'been convicted of perjury; nor does it charge, that Polly Tilman had been guilty of any fraudulent conduct, by which he was induced to permit the decree to' go against him without maldng de-fence. If therefore, there exists any ground upon which the defendant in error can be tolerated, in sustaining a bill of review, it must be the discovery of new matter since the decree, not putin issue by the pleadings in the former suit.
The defendant in error has only exhibited the decree against him. The bill, which he permitted to be taken for confessed, is not shown. We can only ascertain its contents by conjecture. There can be no doubt, however, but that it claimed of Gideon Tilman, the acting executor, who sold the land, Polly Tilman’s shaTe of the purchase money, and from what we see in the present case, it is very clear, that the reception of the, money by *119 the executor, and his failure to pay over to his sister her portion, constituted the essential matter in controversy. If the defendant in error did not choose to form an technically speaking, by filing an answer, denying the allegations of the bill, he cannot profit by such negligence, and now urge that a subsequent discovery ot payment will authorize him to open the decree. It must be the discovery of new matter, not brought before the court, in the former suit, which will authorize a review. Whether Polly Tilman had been paid or not, her share of the money arising from the sale of the land, constituted the very gist of the former controversy, and has been finally concluded by the decree in her favor, which cannot be re-examined for any thing now alleged.
But even if the present proceeding could be tolerated, we are of opinion that the evidence adduced by the defendant in error, did not entitle him to any relief. In settling the affairs of the estate, it is shown that ’ there was great intimacy between Gideon Tilman, the acting executor, and A. Morehead, the executor who did not quality. Indeed the latter transacted much of the business. Under these circumstances, the allegation by said Gideon, that he was ignorant of the payment made his sister, for the land is incredible. The information was so accessible. Morehead was a defendant with Gideon Tilman, to Polly Tilman’s bill, and although the suit was dismissed as to him; yet if the money had been paid her, it would be somewhat surprising that he did not answer and allege the fact. On Morehead’s deposition, the defendant in error, principally relies for success in the present suit; but on an examination of that deposition, it will be found wholly insulficient to justify the relief granted by the circuit-court.
Morehead gave his note for $348 66 cents, to Polly Tilman, as obligee, “in n settlement with the executor,” whether Polly Tilman ever accepted this note, in discharge of the executors liability or not, is unknown. Morehead says he paid a part of Polly Tilman s proportion of the price of the land, but how much he paid to her on that account he corrld not say; but he knew that she had been fully paid for her interest in the negroes and personal property. George Tilman proved that Polly said, that Morehead had acted like a *120 gentleman, and had paid her all or nearly all of her demand “for the negroes’ &c.” Although, an is very comprehensive, we think it would be too liberal to make it include both the land and personal property-, when Gideon Tilman in his answer to Polly Tilman’s cross bill^ says he surrendered two negroes to More-head, who sold them to raise money for her; and when the witness in terms does not make Polly Tilman’s acknowledgment embrace any thing bat negroes.
Crittenden, for plaintiff; Denny and Triplett, for defendant.
One other witness proves, that he received from A¿ Morehead; for. Polly Tilman, $‘250, in the fall of 1814 or 1815. More than this sum was due Polly Tilman for her interest in the negroes and personal property; So that taking all the circumstances together, it is our opinion that the evidence preponderates to show, that the money which said Polly got, was on account of the negroes and not for the land. At all events, the evidence is much too weak to justify the disturbance of the former decree in her favor.
Wherefore-, the decree of the circuit court is reversed and set aside, and the cause remanded, with directions to dissolve the injunction with damages, and to dismiss the bill of the complainant with costs. The plaintiffs in error must recover their costs in this court.